**SO ORDERED.**

**SIGNED this 19 day of March, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

LEX IVAN CARROLL,                                    CHAPTER 7
SUZAN BROWN CARROLL,                      CASE NO. 11-02362-8-RDD

    DEBTORS

### ORDER DENYING MOTION FOR RELIEF FROM STAY

Pending before the Court is the Motion for Relief from Stay (the "Motion") filed by Vericrest Financial, Inc. ("VFI") on October 13, 2011; the Trustee's Objection to Motion for Relief From Stay (the "Objection") filed by Walter L. Hinson, Chapter 7 Trustee on November 9, 2011; and the Amended Motion for Relief from Stay (the "Amended Motion") filed by VFI on November 18, 2011. The Court conducted a hearing on March 13, 2012 in Wilson, North Carolina to consider the Motion, the Objection, and the Amended Motion.

### BACKGROUND

Lex Ivan Carroll and Suzan Brown Carroll (the "Debtors") filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code on March 28, 2011. Walter L. Hinson

(the "Trustee") was appointed as the Chapter 7 Trustee in the Debtors' case by an order dated March 30, 2011.

On November 8, 2004, the Debtors executed a promissory note (the "Note") in favor of Flagstar Bank, FSB in the amount of $380,000.00. The Note is secured by a deed of trust on property located at 3950 Pineway Drive, Kitty Hawk, North Carolina (the "Property") owned by the Debtors as tenants by the entirety. On the date of the petition, the Debtors valued the Property at $325,000.00 subject to Flagstar Bank, FSB's security interest and a second lien in favor of Wells Fargo, N.A. in the amount of $102,514.00.

The Note in favor of Flagstar Bank, FSB contains two allonges purporting to transfer the Note by indorsement on two occasions. The first allonge purports to indorse the Note from Flagstar Bank, FSB to LSF7 Bermuda NPL V Trust (the "Bermuda Trust"). The second allonge purports to be a blank indorsement of the Note from the Bermuda Trust. The Amended Motion asserts Wells Fargo Delaware Trust Company, N.A., as Trustee for Vericrest Opportunity Loan Trust 2011-NPL1 ("Wells Fargo") is the current holder of the Note and VFI is the servicing agent for Wells Fargo. VFI brought the Motion on behalf of Wells Fargo.

VFI alleges the Debtors defaulted on the Note by failing to make the required monthly payments for April 2010 to October 2011. As of the date the Motion was filed, VFI asserts the total arrearage due under the Note was $40,688.80 plus attorneys' fees and the payoff amount of the loan was $378,745.58. VFI states the current tax value of the Property is $346,100.00. Neither the Motion nor the Amended Motion were verified or contained an affidavit from a representative of VFI.

VFI asserts it is entitled to relief from the automatic stay provided by 11 U.S.C. § 362(a) to foreclose on its security interest in the Property pursuant to 11 U.S.C. § 362(d) because it is not adequately protected. Furthermore, VFI asserts in the event relief from the automatic stay is not granted, it will suffer irreparable injury, loss, and damage.

## DISCUSSION

VFI contends it is entitled to relief from the automatic stay based on the Debtors' default of payment on the Note and lack of adequate protection. Section 362(a) of the Bankruptcy Code provides the commencement of a case under title 11 operates as a stay of "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate; . . . any act to create, perfect, or enforce any lien against property of the estate;" or "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case . . . ." 11 U.S.C. § 362(a).

Based on the arguments in the Motion and at the hearing, the Court concludes VFI seeks relief from stay pursuant to 11 U.S.C. § 362(d)(1)-(2).[1] Section 362(d)(1)-(2) provides the Court shall grant relief from the automatic stay:

(1) for cause, including the lack of adequate protection of an interest in property;

(2) with respect to a stay of an act against property . . . if–

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization . . . .

---

[1] The Motion asserts VFI seeks relief pursuant to § 362(d) and that VFI lacks adequate protection. There is no assertion that the Debtors' case involves a single asset real estate pursuant to 11 U.S.C. § 101(51B) or that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors. 11 U.S.C. § 362(d)(3)-(4).

3

11 U.S.C. § 362(d)(1)-(2). "Because the [Bankruptcy] Code provides no definition of what constitutes 'cause,' courts must determine when discretionary relief is appropriate on a case-by-case basis." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

The party requesting relief from the automatic stay "has the burden of proof on the issue of the debtor's equity in property." 11 U.S.C. § 362(g)(1). In cases where the moving party requests relief for reasons other than insufficient equity to adequately protect their interests, courts have held the moving party must establish a legally sufficient basis, or cause, for such relief. *Mooney v. Gill*, 310 B.R. 543, 547 (N.D. Tex. 2002) (stating other courts have found "one who seeks relief from the automatic stay, must in the first instance, establish a legally sufficient basis . . . for such relief."). Once the moving party has met the initial burden, the party opposing relief bears the burden of proof on all other issues. 11 U.S.C. § 362(g)(2); *In re Universal Motor Express, Inc.*, 72 B.R. 208, 211 (Bankr. W.D.N.C. 1987).

In the present case, the Court finds VFI failed to meet the burden of proving it is entitled to relief from stay for lack of adequate protection pursuant to § 362(d)(1). The moving party must show "[t]he [d]ebtor owes a debt to it, that it possesses a valid security interest securing the debt, and that the collateral securing the debt is declining in value while the [d]ebtor has failed to provide [the creditor] with adequate protection of its interest" to establish a *prima facie* case it is entitled to relief for lack of adequate protection. *In re Vankell*, 311 B.R. 205, 215 (Bankr. E.D. Tenn. 2004). Establishing a security interest is held in the property and the debtor defaulted on payments, by itself is insufficient for granting relief. *In re Szymanski*, 344 B.R. 891, 897 (Bankr. N.D. Ind. 2006)

4

(finding evidence that creditors held a security interest in property and the debtors had stopped payments alone did not warrant relief from the automatic stay).

In this case, the only evidence VFI introduced at the hearing was the original Note and a copy of the deed of trust securing the indebtedness. While the Note and deed of trust suggest the Debtors owe a debt that is secured by the Property, that does not sufficiently provide that the value of the Property is declining. VFI presented no evidence regarding the value of the Property or facts or circumstances indicating VFI is not adequately protected. While the Motion asserts the payoff amount of the Note was $378,745.58 and the current tax value of the Property is $346,100.00, VFI failed to present any evidence to support these assertions, such as testimony concerning the Debtors' payment history or an appraisal. The Trustee does not concede the valuation VFI offered is accurate. Furthermore, neither the Motion nor the Amended Motion were verified or contained an affidavit of a representative from VFI asserting the facts contained within were true.

Additionally, the Motion asserts VFI is not adequately protected because the Debtors are in default of the Note and owe an arrearage of at least $40,688.80. However, no representative from VFI was present at the hearing to testify about the default or arrearage. Counsel for VFI stated he personally reviewed the Debtors' payment history and was satisfied the Debtors defaulted on the Note. However, Counsel's statements are insufficient to meet the burden of proving VFI is not adequately protected pursuant to § 362(g)(1). VFI cites *In re Robinson*, No. 07-02146-5-JRL (Bankr. E.D.N.C. Nov. 22, 2011) to argue it should be allowed relief from the automatic stay based on evidence of a promissory note and assignment of a deed of trust. However, in *Robinson*, the debtor admitted to defaulting on a promissory note held by the moving party. In the present case, neither the Debtors nor the Trustee concede default occurred.

VFI also failed to present evidence proving there is any other cause to grant relief from the stay under § 362(d)(1). *See Mooney*, 310 B.R. at 547. Therefore, the Court finds there is no evidence to support the conclusion that VFI is entitled to relief from the automatic stay pursuant to § 362(d)(1).

The Court must deny the Motion pursuant to § 362(d)(2), which requires that the Debtors have no equity in the Property, for the same reasons the Motion is denied pursuant to § 362(d)(1). VFI failed to present evidence on the issue of the Debtors' equity in the Property. *See In re Brown*, 311 B.R. 721, 730 (Bankr. W.D. Pa. 2004) (finding no cause to grant a motion for relief from stay pursuant to 11 U.S.C. § 362(d)(2) when creditor failed to present evidence that the debtor had no equity in property). The only evidence VFI attempted to introduce over the Trustee's objection at the hearing was the original Note and copy of the deed of trust, which are insufficient to establish the Debtors' lack of equity in the Property. *In re Howery*, 275 B.R. 852, 853-4 (Bankr. S.D. Ohio 2002) (finding a creditor was not entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(2) when creditor's sole evidence consisted of a mortgage executed by the debtor). Therefore the Court must deny relief from stay under § 362(d)(2).

As the Court finds VFI failed to meet its burden of proof pursuant to § 362(g)(1), the Trustee, as the objecting party, bears no burden of proof on any other issue. 11 U.S.C. § 362(g)(2).

Accordingly, the Motion is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**